IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MOUNTAIN RUN SOLUTIONS, LLC,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>CAPITAL LINK MANAGEMENT, LLC,<br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:22-cv-00526-TS-CMR<br><br>Judge Ted Stewart |

　　　　This matter comes before the Court on Defendant Capital Link Management, LLC's Motion to Dismiss for Lack of Personal Jurisdiction. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

　　　　Plaintiff Mountain Run Solutions, LLC is a debt collection business and a Utah limited liability company. Defendant Capital Link Management, LLC is a third-party debt collection agency and a New York limited liability company with its principal place of business in New York, though it is registered to do business in Utah. In 2015, Defendant's agents entered into a Collection Agreement (the "Agreement") with Plaintiff "to recover non-performing receivables on behalf of Plaintiff."[1] Pursuant to the Agreement, Plaintiff agreed it would assign delinquent accounts to Defendant, who agreed to undertake the collection on Plaintiff's behalf.[2] The

---

[1] Docket No. 2-1 at 8.
[2] Docket No. 2-2 at 18.

Agreement required Defendant to pay Plaintiff all funds collected on the assigned accounts on a monthly basis, minus a collection fee.

Plaintiff assigned delinquent accounts to Defendant from 2016 through the end of 2020. In June 2021, Plaintiff became concerned about Defendant remitting payments from successful collections and requested assurance of performance. Plaintiff alleges that it learned that Defendant only remitted $90,000 out of $488,547 allegedly due to Plaintiff.

Plaintiff filed suit against Capital Link on July 18, 2022, in the Fourth Judicial District Court of Utah alleging breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and promissory estoppel. Defendant filed a Notice of Removal on August 18, 2022, based on diversity jurisdiction. On August 26, 2022, Defendant filed the Motion to Dismiss alleging the Court lacks personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Plaintiff argues that the Court has personal jurisdiction over the Defendant, but the parties are not diverse.[3] It asks the Court to grant the Motion, but to remand the case back to state court instead of dismissing the case.[4]

## II. ANALYSIS

A. Subject Matter Jurisdiction

Plaintiff asks the Court to remand the case to state court for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.[5] Plaintiff alleges that this case is not a diversity action because Defendant is registered to do business in Utah. Diversity jurisdiction in a suit involving

---

[3] Docket No. 13 at 2.

[4] *Id.*

[5] *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

a limited liability company depends on the citizenship of its members.[6] And a corporation is considered to be a citizen of every state in which it is incorporated and where it has its principal place of business.[7] Plaintiff's manager is Zions Debt Holdings LLC, its members are Chris Carter and Brian Fuller and both are residents and domiciled in Utah. Defendant's sole member is CLM Enterprise Group, Inc. which is both incorporated and has its principal place of business in New York. Plaintiff does not contest this and provides no basis to show that registering to do business in Utah makes Defendant a citizen of the State. As such, the Court finds the parties are diverse and will not remand the case to state court.

B.  Personal Jurisdiction

Under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of showing that the court has personal jurisdiction over the defendant.[8] Where, as here, there has not been an evidentiary hearing,[9] the plaintiff need only make a *prima facie* showing of personal jurisdiction.[10] In evaluating the plaintiff's showing, "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party."[11] If

---

[6] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015).

[7] 28 U.S.C. § 1332(c)(1).

[8] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (citing *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1069–70 (10th Cir. 2008)).

[9] Neither party has moved for an evidentiary hearing, so the Court may decide the motion on the pleadings (with attachments) and affidavits. *Id.*; Fed. R. Civ. P. 12(i).

[10] *Shrader*, 633 F.3d at 1239; *see Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citation omitted).

[11] *Wenz*, 55 F.3d at 1505 (internal citation and quotation marks omitted).

the defendant challenges the jurisdictional allegations, the plaintiff must support those allegations by competent proof of the supporting facts.[12]

The Court must first look to whether Utah law authorizes such jurisdiction and then to whether that exercise of jurisdiction comports with the due process clause.[13] Utah's long-arm statute authorizes personal jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment.[14] Thus, the personal jurisdiction analysis collapses into a single inquiry: whether the exercise of personal jurisdiction comports with due process.[15]

To comport with due process, a defendant must have "minimum contacts" with the forum state, "such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice."[16] Minimum contacts may give rise to general or specific personal jurisdiction. "General jurisdiction, as its name implies, extends to any and all claims brought against a defendant."[17] "A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State."[18] Corporations are regarded "at home" in the state in which they are incorporated and in which their principal place of business is located.[19]

---

[12] *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) (citation omitted).

[13] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

[14] Utah Code Ann. §78B-3-201(3).

[15] *See Rusakiewicz*, 556 F.3d at 1100 (stating that "our jurisdictional inquiry in Utah diversity cases is reduced to a single question: did the defendants have sufficient 'minimum contacts' with the state of Utah to establish personal jurisdiction over them").

[16] *Dudnikov*, 514 F.3d at 1070 (internal citations and quotation marks omitted).

[17] *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (internal citation and quotation marks omitted).

[18] *Id.*

[19] *Id.*

Plaintiff argues that the Court has general jurisdiction over Defendant because the company has been registered to do business in Utah since "at least 2018."[20] In *Oversen v. Kelle's Transp. Serv., Inc.*, the plaintiff argued that Ford Motor Company was subject to general jurisdiction in Utah because it registered to transact business in the State as is required by Utah law and it held itself out as doing business there, including through agents, advertisements, and solicitations for business.[21] The court rejected this argument and found that Ford was not subject to general jurisdiction because, even though it had extensive contacts with Utah, the same "could be demonstrated for almost every automobile manufacturer with respect to every state in the nation."[22]

Both parties agree that Defendant is a New York limited liability company with its sole member being a New York corporation, and its principal place of business in New York. Defendant is not "at home" in Utah merely because it is registered to do business in the State, as this would essentially create an "all-purpose jurisdiction [that] would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"[23] Therefore, the Court cannot exercise general jurisdiction over the Defendant.

Specific jurisdiction applies when "in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction

---

[20] Docket No. 13 at 5.

[21] *Oversen v. Kelle's Transp. Serv., Inc.*, No. 2:15-cv-00535-JNP, 2016 WL 8711343, at *2 (D. Utah May 12, 2016).

[22] *Id; see Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (holding that doing significant sales within a state does not justify all-purpose jurisdiction).

[23] *Daimler*, 571 U.S. at 139 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

for claims related to those contacts."[24] To determine specific jurisdiction courts conduct a two-step inquiry: "(a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"[25]

To establish minimum contacts (1) the defendant must have "purposefully directed its activities at residents of the forum state," and (2) "the plaintiff's injuries must arise out of defendant's forum-related activities."[26] Purposeful direction occurs "where the defendant deliberately has engaged in significant activities within a State," such that it "has availed [itself] of the privilege of conducting business there,"[27] and it is "not unreasonable to require [defendant] to submit to the burdens of litigation in that forum."[28]

While a defendant's relationship with a plaintiff standing alone is not sufficient basis for jurisdiction, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" are relevant.[29] Where a defendant has "reach[ed] out beyond" its state into another, the Supreme Court has upheld jurisdiction where a

---

[24] *Dudnikov*, 514 F.3d at 1078.

[25] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (quoting *Burger King*, 471 U.S. at 476–77).

[26] *Shrader*, 633 F.3d at 1239 (internal citation and quotation marks omitted); *Ford Motor Co.*, 141 S. Ct. at 1024–25.

[27] *Old Republic*, 877 F.3d at 905 (citations omitted).

[28] *Id.* (citation omitted).

[29] *Burger King*, 471 U.S. at 479.

6

contractual relationship "envisioned continuing and wide-reaching contacts" with forum state residents.[30]

Here, Defendant entered into a single contract with Plaintiff, a Utah company. There is no evidence that the contract or parties contemplated further contacts in the State, nor sufficient evidence that the debt collection actions were directed to or occurred solely in Utah. Additionally, there is no evidence before the Court that Defendant has or had any business dealings with the State beyond the single contract. Further, as per the Agreement, even if the collection actions occurred in Utah, Plaintiff assigned the actions to Defendant, as such Defendant did not purposefully avail itself of the privilege of conducting activities in Utah.[31] Therefore, the Court finds that exercise of personal jurisdiction over Defendant does not comport with due process and will therefore grant Defendant's Motion to Dismiss.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 6) is GRANTED.

DATED November 29, 2022.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[30] *Id.* at 479–80; *see Old Republic*, 877 F.3d at 905; *Walden v. Fiore*, 571 U.S. 277, 291 (2014) (holding that "the mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.").

[31] *See Far West Cap., Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995) ("Unilateral activity of those claiming a relationship with a nonresident defendant is not sufficient and it is essential in each case that there be some act by which the defendant purposely [Sic] avails itself of the privilege of conducting activities within the forum States, thus invoking the benefits and protections of the laws.") (internal citation and quotation marks omitted).